```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**ALANA ADDOTTO ET AL.**                              **CIVIL ACTION**

**VERSUS**                                            **NO. 13-5807**

**EQUITABLE SHIPYARDS, LLC, ET AL.**                  **SECTION "B"(5)**

                          <u>ORDER AND REASONS</u>

<u>NATURE OF THE MOTION</u>

    Before the Court is the Plaintiffs' Motion to Remand, Defendant The Boeing Company's ("Boeing") Opposition, Plaintiff's Reply, and Boeing's Sur-Reply. (Rec. Doc. Nos. 12, 18, 22, & 27). Accordingly, and for the reasons articulated below,

    **IT IS ORDERED** that the Plaintiffs' Motion to Remand is **GRANTED.** (Rec. Doc. No. 12).

<u>FACTS AND PROCEDURAL HISTORY</u>

    Plaintiffs Alana and Frederick Addotto filed a Petition for Damages in the Civil District Court for the Parish of Orleans, initiating an asbestos-exposure personal injury action against numerous defendants on January 7, 2013 . (Rec. Doc. No. 12-3). Plaintiffs then added Boeing as a defendant by amended complaint on July 30, 2013. (Rec. Doc. No. 12-5). Plaintiffs' claims against Boeing are based on negligence, failure to provide a safe workplace and failure to warn. (Rec. Doc. No. 12-2 at 2-5; Rec. Doc. No. 12-5 at 8-10). Boeing timely removed under the Federal Officer Removal Statute, 28 U.S.C. §1442(a)(1). (Rec. Doc. No. 1).

    Plaintiff Alana Addotto was an employee of the United States

Department of Agriculture, and alleges that she was exposed to asbestos while working at Building 350 in the Michoud Assembly Facility (MAF) in New Orleans, Louisiana, from 1981 to 2005. (Rec. Doc. No. 12-2 at 2-3). NASA owns the Michoud Assembly Facility, (Rec. Doc. No. 18-1 at 3) and entered into contracts with Martin Marietta Corporation ("Lockheed Martin") to construct a space shuttle's fuel tanks from 1973 to 2010 at MAF.(Rec. Doc. No. 18 at 3). Lockheed Martin in turn entered into a contract with Boeing, under which Boeing agreed to perform facility maintenance at MAF. (Rec. Doc. No. 18-1 at 1, 4).

On these grounds, Boeing asserts jurisdiction and sought removal under the Federal Officer Removal Statute, 28 U.S.C. §1442(a)(1). (Rec. Doc. No. 1). In the instant motion, Plaintiffs assert that this Court lacks subject matter jurisdiction because Being fails to meet the requirements for removal under 28 U.S.C. §1442(a)(1).[1]

LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Insurance Co.,* 243 F.3d 912, 916 (5th Cir. 2001). "[W]hen faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy." *Winters v. Diamond Shamrock Chemical Co.,* 149 F.3d

---

[1] The Court initially granted expedited review in light of Plaintiff's deteriorating health. (Rec. Doc. 17). Unfortunately, Plaintiff passed away a short time later. To allow due consideration of the issues the Court has since granted leave to file reply and sur-reply. (Rec. Docs. 21 & 25).

387, 397 (5th Cir. 1998). Here, Boeing argues that the present case was properly removed under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a). (Rec. Doc. No. 18 at 1).

That statute provides that any actions commenced in state court against an officer of the United States (or "any person acting under that officer") who is "sued in an official or individual capacity for any act under color of such office" may remove to the district court of the United States embracing the state forum where the action commenced. 28 U.S.C. § 1442(a)(1). The purpose of this statute "is to prevent federal officers or persons acting under their direction from being tried in state court for acts done within the scope of their federal employment." *Peterson v. Blue Cross/Blue Shield of Texas,* 508 F.2d 55, 58 (5th Cir.), *cert. denied*, 422 U.S. 1043 (1975). Furthermore, "[t]his right is not to be frustrated by a grudgingly narrow interpretation of the removal statute." *Winters*, 149 F.3d at 398.

The Fifth Circuit provides a three part test to determine whether government contractors qualify as a "person acting under a [federal] officer" for the purposes of § 1442(a)(1). *Id.* at 398-400. The defendant contractor must: (1) be a "person," (2) who acted pursuant to a federal officer's directions and there must be a causal nexus between the defendant's actions made under color of federal office and the plaintiff's claims, and (3) must have asserted a colorable federal defense. *Id.* Here, Boeing fails to

3

satisfy the second prong and on those grounds the case should be remanded.

As a preliminary matter, Corporate entities qualify as "persons" under § 1442(a)(1); therefore Boeing meets the first requirement in the three part test. *Id.* at 398.

The second requirement--that the defendants acted pursuant to a federal officer's direction and a causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claims--should be given a "broad reading," but the right to removal "only arises when a federal interest in the matter exists." *In re FEMA Trailer Formaldehyde Products Liability Litigation*, MDL 07-1873, 2012 WL 601805 at *4 (E.D. La. Feb. 23, 2012). In evaluating whether this requirement is met, the court must determine whether the government specified actions or control so as to supply the causal nexus between defendant's actions under color of federal office and the plaintiff's claims. *Winters*, 149 F.3d at 398.

*Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387 (5th Cir. 1998) illustrates how governmental control is necessary for finding a causal nexus. There, the Fifth Circuit found a causal nexus between the defendants' manufacture of Agent Orange under the government's direction and plaintiff's claims of injury due to Agent Orange exposure. The Department of Defense had imposed detailed specifications on the defendant contractors concerning the

ingredients, formulation, packaging, labeling and delivery of Agent Orange. *Id.* at 400. In addition, the government compelled the defendants to deliver Agent Orange under threat of criminal sanctions. *Id.* at 398. Thus, the court concluded that such "strict control over the development and subsequent production of Agent Orange" provided a "direct causal nexus between the defendants' actions taken under color of federal office and [plaintiff's] claims." *Id.* at 399-400.

Further guidance is found in *Francis v. Union Carbide Corporation.* No. 11-2695, 2011 WL 6180061 (E.D. La. 2011), where this court remanded asbestos-related claims similar to those at issue here for failure to satisfy § 1442 causal nexus requirement. There, the plaintiffs claimed, inter alia, that the defendant contractor failed to provide a safe work environment and failed to warn of asbestos hazards. *Id.* at *1. The court noted that the plaintiffs' claims were not based on use of asbestos as specified by the government, but rather on "defendants' failure to use asbestos *safely.*" *Id.* at *3. The court held that in order to demonstrate a causal nexus with such claims, the contractor defendant had to demonstrate that the government "provided some level of direct control over warnings" of asbestos dangers. *Id.* at *3. Because the defendant failed to provide evidence that suggested that the government issued any standards to defendants regarding safety hazards, industrial hygiene, or asbestos warnings, the court

concluded that there was no causal connection between the plaintiff's claims and defendant working on behalf of the government and remanded. *Id.* at *4.

Here, like the defendant in *Francis,* Boeing has failed to establish a causal nexus between the Plaintiffs' claims and actions taken under a color of federal office. The basis of the Plaintiffs' claims against Boeing are not based on use of asbestos according to government specifications, as the claims in *Winters* were, but instead are centered on claims for failure to warn, negligence, and failure to maintain a safe working environment, similar to those in *Francis*.(Rec. Doc. No. 12-5 at 8-10). In other words, Plaintiff's causes of action do not turn on Boeing's *use* of asbestos, but rather Boeing's failure to use asbestos *safely.* Thus, as in *Francis*, the court must determine whether the government controlled Boeing's actions with regard to asbestos so as to supply a causal nexus Boeing's actions under color of federal office and plaintiff's claims.

Boeing contends that "any decision regarding asbestos in MAF facilities air conditioning. . . was under the full control and discretion of the United States Government." (Rec. Doc. No. 18 at 10). It fails, however, to substantiate that claim. Boeing points to its contract with Lockheed Martin, which terms "extend[ed] to CONTRACTOR [Boeing] its rights to use and responsibilities to care for that property." (Rec. Doc. No. 18-1 at 6). It further points to

various contractual provisions between NASA and Lockheed Martin, which "subject[ed Lockheed] to the surveillance and written technical direction" of NASA personnel, required prior approval from NASA of all subcontractors, required that such subcontractors be subject to "various specification, standards, and procedures," and allowed NASA to conduct audits of all relevant plants at "all reasonable times." (Rec. Doc. 27 at 4-5). It hardly follows from such general provisions, however, that NASA did in fact exert such control. In short, Boeing has only established that NASA could have exerted a degree of control and not that it provided any level of actual--let alone direct--control.

There has been no showing that Boeing suffered detailed specifications or control from the government regarding warnings about asbestos, industrial hygiene, safe work environments, or surveying for asbestos. Boeing's assertions of government control do not rise to the requisite level of specific, detailed control similar to that exerted by the government in *Winters.* Boeing offers no evidence to suggest that the government gave any orders or specifications at all to Boeing regarding asbestos warnings in Building 350 regarding industrial hygiene or other safety concerns relating to asbestos. Thus, no casual connection existed between the injuries alleged by Plaintiffs with respect to Boeing's work allegedly done under color of federal office.

Furthermore, Boeing has not demonstrated that it "acted under"

a color of federal office, regardless of causation. In the Fifth Circuit, a defendant acts under the direction of a federal officer when: (1) it had a contract with the government, (2) the government maintained strict control over development and production, (3) the government required production to adhere to the government's specifications set forth in the contract and other documents referenced and (4) the government performed inspections. *Winters*, 149 F.3d at 398-400; *Morgan v. Great Southern Dredging, Inc.*, No. 11-2461, 2012 WL 4564688 at *6 (E.D. La. Sept. 30, 2012); *Prigmore v. Jim Cooley Constr., Inc.*, No. 11-238, 2011 WL 2004961 at *2 (E.D. La. May 23, 2011).

A company that merely conforms to the "basic contractual parameters after the government has entered the market to obtain a service" does not satisfy the "acting under" element. *Breaux v. Gulf Stream Coach, Inc.,* No. 08-893, 2009 WL 152109 at *5 (E.D. La. Jan. 21, 2009).

A defendant contractor is "acting under" the color of a federal officer when there is direct supervision from the government. *See Winters,* 149 F.3d 387 (Defense Department contracted for the production of Agent Orange); *C.R. Pittman Constr. Co. Inc., v. Parson and Sanderson, Inc.*, No. 10-1027, 2010 WL 3418240 (E.D. La. Aug. 24, 2010) (defendant operated under the supervision of the United States Army Corps of Engineers); *Crocker v. Borden, Inc.*, 852 F.Supp. 1322 (E.D. La. 1994) (defendant

constructed turbines according to strict Naval specifications and under the supervision of United States Navy employees).

In contrast, this Court has held that a subcontractor with no direct contract with the government cannot satisfy the acting under requirement. *Morgan v. Great Southern Dredging, Inc.*, 2012 WL 4564688 at *6. In *Morgan v. Great Southern Dredging, Inc.*, the plaintiff filed suit after her husband died from a workplace accident. *Id.* at *1. The defendants included a construction company who was awarded a contract from the U.S. Army Corps of Engineers and a subcontractor who contracted in turn with the construction company. *Id.* The defendant subcontractor argued that it was entitled to federal officer removal on the grounds that it acted under the direction of a federal officer, as its work was overseen by an employee of the construction company which in turn had a contract with the Corps. *Id.* at *6. However, the court concluded that because the subcontractor was not a government contractor itself, it could not in that instance be acting under the color of federal law *Id*.

Here, Boeing is likewise a subcontractor and not a government contractor itself. Each contract on which Boeing relies to establish government control exists between Lockheed Martin and the Government. *See* Rec. Doc. Nos. 18-1; 18-2. Thus, for the same reasons in *Morgan*, Boeing "cannot show that it had a contract with the government and so therefore, it cannot meet the requirement

9

that is acted under the direction of a federal officer." 2012 WL 4564688 at *6.

**CONCLUSION**

Boeing does not satisfy the second requirement of the test to establish federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). It is thus unnecessary for the Court to consider the third requirement. This matter was improperly removed pursuant to § 1442(a)(1) and remand is recommended for lack of subject matter jurisdiction.

It is **ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. No. 13)is **GRANTED**.

New Orleans, Louisiana, this 25th day of March, 2014.

UNITED STATES DISTRICT JUDGE

10